**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES M. LYNCH,

    Defendant - Appellant.

No. 23-6112
(D.C. No. 5:21-CR-00151-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

To overturn a verdict for a factual mistake, we must believe that a trial's

factfinder clearly misconstrued the evidence before it.  Merely believing a different

factfinder could have judged witnesses' credibility differently does not meet this

demanding standard.

After a bench trial the district court convicted Defendant James Lynch of

indecent exposure.  In so doing, the judge weighed the testimony of the correctional

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officer to whom Defendant allegedly exposed himself against Defendant's contrary testimony and found the guard's testimony more credible. Defendant argues the trial judge erred in so doing. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Defendant currently serves a life sentence for murder and other crimes. He previously worked as prison orderly and left his cell for his job duties. A correctional officer ("CO") supervised him as he performed his tasks. Defendant encountered the CO in her office one day while he was on duty.

The parties disagree about what happened next. The CO testified that she looked up from her computer to see Defendant's pants "[j]ust below his penis," and that he was "masturbating." He stood "[a]pproximately 5 to 7 feet" in front of her as he did so. She immediately called for help, and another officer removed Defendant. The CO wrote in her subsequent incident report that Defendant's penis had been "fully exposed and erect." Defendant denied masturbating. He admitted that he went into the CO's office and had "part of [his] hands in [his] pants" when he did so, but testified that a medical issue prevented him from getting an erection. When questioned as to why his prison medical records did not state he had such an issue, he responded that the government had "read[] the wrong medical records." He also argued that he had "no motive whatsoever to do this knowing that at some point in the near future he was going to get out," referencing an upcoming parole hearing.

2

A grand jury indicted Defendant for indecent exposure under 18 U.S.C. § 13(a).[1] Defendant opted for a bench trial. The presiding judge ruled for the government. He found "no credible evidence was presented suggesting [the CO] had a motive to fabricate the report she made regarding the defendant's indecent exposure," and otherwise found her a credible witness. He also noted that "the offense set forth in the Indictment may be committed even if the offender is unable to achieve an erection," and that the government proved all the statutory elements beyond a reasonable doubt. The district court sentenced Defendant to eighteen months' imprisonment served consecutively with his life sentence and registration as a sex offender.

## II.

Defendant argues the district court erred in finding the correctional officer's testimony credible. He points out that she "did not remember any questions asked of her by [Defendant]" prior to him allegedly exposing himself, and "she testified that it was the left hand being used to masturbate." But the government used a "report that stated in 2007 [Defendant] was observed, stroking his erect penis in his right hand"

---

[1] This statute is the Assimilative Crimes Act, and it forbids acts within federal enclaves in the several states that would be crimes if committed on state land. United States v. Harris, 10 F.4th 1005, 1010 (10th Cir. 2021). Where Congress has not created a federal crime for the same or similar conduct, the Assimilative Crime Act permits federal prosecutors to fill the gap by prosecuting offenders to the same extent state law allows. United States v. Christie, 717 F.3d 1156, 1170 (10th Cir. 2013). Defendant committed the alleged acts in a federal prison in Oklahoma, and the grand jury indicted him for indecent exposure to the extent Oklahoma law forbids it under 21 Okla. Stat. tit. 21, § 1021(A)(1).

to support its case.  He argues that a "jury, had there been one, would have been reminded to use their common sense as it relates to handedness and masturbating." He seems to argue that his prior masturbatory acts suggest he would masturbate only with his right hand.  That, combined with Defendant's testimony regarding his health issues preventing him getting an erection and the correctional officer's hazy memory of her conversation with Defendant, suggest the district court could not plausibly credit the correctional officer's testimony.  As the prosecution's case relied almost exclusively on that testimony, Defendant argues the government failed to prove the crime's elements beyond a reasonable doubt.

We overturn a factfinder's findings only for clear error.  F.T.C. v. Chapman, 714 F.3d 1211, 1215 (10th Cir. 2013) (quoting Ryan v. American Nat. Energy Corp., 557 F.3d 1152, 1157 (10th Cir. 2009)).  Therefore, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that[,] had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently."  United States v. Cortes-Gomez, 926 F.3d 699, 708 (10th Cir. 2019) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985)).  Correspondingly, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  Id. (quoting Anderson, 470 U.S. at 573–74).

Defendant fails to meet this burden for several reasons.  First, he cannot reasonably argue that a "jury, had there been one, would have been reminded to use their common sense as it relates to handedness and masturbating" because he

4

voluntarily waived his right to a jury trial.  Defendants cannot obtain reversal based on the benefits a jury might have provided if they choose not to have one.  United States v. Mitchell, 633 F.3d 997, 1001 (10th Cir. 2011) (citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995)).

Second, Defendant premises his entire argument upon undermining the correctional officer's credibility as a witness.  But credibility determinations are the factfinder's province, and are "virtually unreviewable on appeal."  United States v. Virgen–Chavarin, 350 F.3d 1122, 1134 (10th Cir. 2003) (quoting United States v. Jones, 160 F.3d 473, 480 (8th Cir.1998)).  We reverse credibility determinations only if a witness's testimony is "unbelievable on its face" and asserts "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature.'"  Id. (quoting United States v. Mendez–Zamora, 296 F.3d 1013, 1018 (10th Cir. 2002)).  Not so here, as Defendant merely gives reasons by which the trial judge could have discounted her testimony in favor of his.  He comes closest to meeting the relevant standard when he argues the correctional officer's testimony cannot be correct because medical issues prevented him from getting the erection she alleged he had.  But only Defendant's own testimony supports this claim, and he did not identify specific medical records that corroborated it when the government questioned him about it.  Nothing in the correctional officer's testimony was facially implausible, and the trial judge could reasonably have discounted Defendant's contradicting testimony in favor of hers.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge